# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RAYMOND ENGLE, | : | |
| Plaintiff, | : | Case No. 3:10cv00039 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MARY WISEMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

**I.      Introduction**

Plaintiff Raymond Engle, a resident of Dayton, Ohio, brings this case *pro se* under 42 U.S.C. §1983 and other federal and state laws claiming, in part, that the named defendants have violated, and conspired to violate, his rights under 1st, 4th, 5th, 6th, 7th, 8th, 13th, and 14th Amendments to the United States Constitution. Engle names as defendants more than twenty individuals including, for example, United States President Barack Obama; U.S. Supreme Court Chief Justice John G. Roberts, Jr.; Ohio Governor Ted Strickland, Ohio Supreme Court Chief Justice Thomas Moyer, several judges of the Ohio Court of Appeals, and Judges Mary Wiseman and John Kessler of the Montgomery County, Ohio Court of Common Pleas.

Engle's Complaint is long – sixty-four pages by Engle's count; seventy-four pages by CMECF's count (the Court's Case Management Electronic Case Filing system).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Engle seeks declaratory, injunctive, punitive, and compensatory relief in specific amounts against each defendant in both their personal and official capacities. Read literally, Engle's Complaint seeks a total of well over $500,000,000.00 in damages.

## II. **Applicable Standards**

The Court previously granted Engle's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is therefore before the Court for a *sua sponte* review to determine whether Engle's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B).

If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

A Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009). "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim, the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007)

The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

### III. Background and Engle's Present Claims

Engle previously filed a case in this Court under 28 U.S.C. §2254 seeking a Writ of Habeas Corpus concerning criminal proceedings against him in the Montgomery County, Ohio Court of Common Pleas. *See Raymond Engle v. Terry J. Collins*, 3:09cv00451 (S.D. Ohio 2009)(Rice, D.J.) (Engle's "habeas case"). A jury in those state proceedings found Engle guilty of burglary and gross sexual imposition, and the trial judge imposed a 9½ year prison sentence. *Id*. at Doc. #5, p. 2.[2]

Engle challenged his convictions in the Ohio Court of Appeals raising several assignments of error. *Id*. The Ohio Court of Appeals held that the trial court did not obtain a valid waiver from Engle of his constitutional right to counsel. *Id*. at p. 3 As a result, the Ohio Court of Appeals declined to rule on Engle's remaining assignments of error, reversed both his convictions, and remanded the case for further proceedings. *Id*. The record in Engle's habeas case revealed the following:

---

[2] The page numbers cited herein refer to those assigned by CMECF.

> Although Engle was doubtlessly relieved that his convictions had been reversed, he wanted more than a remand for further proceedings; he wanted the Ohio Court of Appeals to find merit in his other claims. If so, Engle apparently reasons, the Ohio Court of Appeals would have reversed and dismissed the criminal case against him, rather than reversing and remanding for further proceedings. This is apparent from Engle's Petition because he next sought review, without success, in the Ohio Supreme Court, again asserting a claim of insufficient evidence and the other claims, which the Ohio Court of Appeals had not specifically resolved. *See* Doc. #2 at 2. The Ohio Supreme Court declined to accept Engle's appeal in August 2009.

*Engle v. Collins,* 3:09cv00451, Doc. #5 at pp. 3-4.

Meanwhile, Engle's state criminal case had returned to the Montgomery County Court of Common Pleas where he entered a plea of no contest to one count of burglary. The trial judge accepted his plea and sentenced him to time served. *Id*. at p. 4.

Engle next sought relief in the Ohio Court of Appeals. He explains in his habeas case:

> Second District Court of Appeals – Montgomery County case #23645 refused to allow Petitioner to file pro se appeal; appointed Gary C. Schaengold. See Criminal Docket Statement where Petitioner did not request counsel – Am ... being forced to proceed with counsel – will file USCA §1983 on this issue.

*Engle v. Collins,* 3:09cv00451, Doc. #2 at pp. 13-14. Engle followed through on his promise – indeed, his promise ballooned into his present §1983 Complaint, *Engle v. Wiseman, et al.,* 3:10cv00039.

Engle alleges in his Complaint that during his state criminal proceedings, perjured testimony was intentionally presented during a suppression hearing on May 24, 2007 and the trial judge denied Engle's motion to suppress based on perjured testimony. Engle further alleges in part that during his criminal trial, prosecutor John C. Amos conspired with detective Phillip Olinger to present perjured testimony to the jury and prosecutor Amos engaged in other acts of misconduct. *Id*., Doc. #2 at pp. 17-16.

4

Engle's Complaint states that after his convictions were reversed and remanded to the Court of Common Pleas for further proceedings, he (referring to himself as Petitioner) "filed a Petition for Writ of Mandamus with the United States Supreme Court and officially informed Mr. Patrick J. Leahy of Petitioner's burden. The Petitioner also wrote President Barack Obama and informed him of Petitioner's encounter of being denied access to court to quote [sic]: 'the only justice is this system is 'just us' MF(ers) doing time.'" (Doc. #2 at p. 27).

Engle's Complaint asserts the following claims together with many pages of description:

1. DENIAL OF FIRST AMENDMENT/LACK OF JURISDICTION DUE TO JUDICIAL ADMISSIONS – PERJURY – FRAUD – CONSPIRACY

2. DOUBLE JEOPARDY DUE TO JUDICIAL ADMISSION OF INNOCENCE

3. DOUBLE JEOPARDY: PETITIONER BEING SENTENCE[D] TO CONSECUTIVE SENTENCES FOR ALLIED OFFENSES

4. STATE AGENTS ARE MALICIOUSLY DECLINING TO ADDRESS MR. ENGLE'S GRIEVANCES IN VIOLATION OF THE 1st, 4th, 5th, 6th, 7th, 8th, 13th, and 14th USCA CONSTITUTIONAL AMENDMENTS DUE TO HIS ISSUES

5. KNOWING AND/OR SHOULD HAVE KNOWN PETITIONER'S ISSUES, PETITIONER WAS COERCED TO PLEA[D] NO CONTEST; AND, SAID STATE AGENTS ARE ATTEMPTING TO USE THIS COERCIVE TACTIC TO DENY PETITIONER OF PRESENTING HIS ISSUES IN VIOLATION OF THE 1st, 4th, 5th, 6th, 8th, 13th, and 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION, THROUGH JUDICIAL ADMISSION NEITHER THE TRIAL COURT NOR THE COURT OF APPEALS HAVE AND/OR HAD JURISDICTION TO IMPOSE SANCTIONS UPON PETITIONER – EXCEPT A JUDGMENT OF ACQUITTAL.

6. THEFT

(Doc. #2 at pp. 40-67).

## IV. Discussion

Engle's factual allegations, although not always clearly stated, are not fantastic or delusional. His Complaint, therefore, is not subject to dismissal under 28 U.S.C. §1915(b)(1); *see Brand*, 526 F.3d at 923.

Accepting Engle's factual allegations as true and liberally construing them in his favor, it remains next to determine whether his Complaint "makes an arguable legal claim..." *Brand*, 526 F.3d at 923. His Complaint is legally flawed in several respects.

Engle's federal constitutional claims against state officials potentially arise under 42 U.S.C. §1983. To state a claim under 42 U.S.C. §1983, Engle's Complaint must allege facts showing two elements: "1) the defendant acted under color of state law; and 2) the defendant's conduct deprived [Engle] of a rights secured under federal law." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Engle's federal constitutional claims against federal officials potentially arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). To state a *Bivens* claim, Engle's Complaint must allege facts sufficient to show that the federal defendant violated his rights under the United States Constitution. *See Bivens*, 403 U.S. at 395.

The first problem facing Engle's Complaint is *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

> In *Heck,* the Supreme Court held that a state prisoner cannot state a cognizable claim under §1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87, 114 S.Ct. 2364; *see also Schilling v. White,* 58 F.3d 1081, 1085-86 (6th Cir.1995). We have previously extended *Heck* to *Bivens* actions, *Robinson v. Jones,* 142 F.3d 905, 906-07 (6th Cir.1998), and we recognize the other jurisdictions that have extended *Heck* to claims under §1985, *Amaker v. Weiner,* 179 F.3d 48,

6

52 (2nd Cir.1999).

*Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003). Engle's Complaint seeks to recover damages that arise solely out of alleged acts of misconduct during his state criminal proceedings and conviction. He claims no injury distinct from those arising from his state criminal proceedings and conviction. Because of this, Engle's Complaint essentially attacks the lawfulness of his conviction. Yet Engle's has not obtained federal habeas relief or other relief invalidating his conviction. He instead just recently filed a presently pending habeas case in this Court, which has not been resolved, and he has also attacked his conviction in the Ohio Court of Appeals. *See supra*, §II. Because the relief Engle seeks in this case essentially attacks the lawfulness of his conviction, without first having had that conviction set aside, his Complaint is barred by *Heck*. *See Lanier*, 332 F.3d at 1005-06.

The second problem facing Engle's Complaint is that the doctrine of absolute immunity bars many of his claims. Beginning with the judicial defendants, absolute immunity is triggered when a judge engages in "paradigmatic judicial acts, or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *see Stump v. Sparkman*, 435 U.S. 349, 355-61, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *see also DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999). Absolute immunity protects a judge from civil liability unless the judge engaged in non-judicial acts or act in the clear absence of all jurisdiction. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Absent either of these exceptions, absolute immunity applies even if judges "act erroneously, corruptly or in excess of jurisdiction." *Id*.

Engle's allegations against various Ohio judges – namely, Judges Wiseman, Kessler, Moyer, Brogan, Fain, and Grady – and Supreme Court Chief Justice John G. Roberts, Jr. relate to acts they either took or failed to take in his state criminal case. None of Engle's allegations, if accepted as true, show that the named judicial defendants

7

engaged in non-judicial acts or acted in the clear absence of jurisdiction, especially when the state criminal trial proceedings against Engle, and his later no-contest plea, were within the subject matter jurisdiction of the Montgomery County, Ohio Court of Common Pleas. *See King*, 766 F.2d at 965-66; *see also* Ohio Rev. Code §2931.03. Perhaps the most favorable observation that can be made about Engle's allegations and claims is that he believes the named judicial defendants, particularly (but perhaps not only) Judges Wiseman and Kessler acted erroneously, corruptly, or in excess of jurisdiction. However, such allegations fail as a matter of law to overcome the bar of absolute judicial immunity. *See King*, 766 F.2d at 965-66.

     Similarly, absolute immunity bars Engle's claims against the prosecutors, detectives, and police officers who participated in his criminal trial at least to the extent Engle alleges that they presented perjured testimony during his criminal trial. *See Briscoe v. LaHue* 460 U.S. 325, 345, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also Moldowan v. City of Warren*, 578 F.3d 351, 398 (6th Cir. 2009). These named defendants "are entitled to immunity regardless of whether they conspired to deliver false or incomplete testimony." *Moldowan*, 578 F.3d at 398 (citing *Alioto v. City of Shively,* 835 F.2d 1173, 1174 (6th Cir. 1987) (explaining parenthetically, "The doctrine enunciated in *Briscoe v. LaHue* also shields from liability alleged conspiracies to give false and incomplete testimony in judicial proceedings.").

     The final problem facing Engle's Complaint at this initial stage of review is that he alleges either minimal facts or no facts describing what many of named defendants allegedly did in violation of his federal constitutional rights. These named defendants include, at least, President Obama, Senator Leahy, Chief Justice Roberts, Attorney General Holder, Ohio Governor Strickland, Ohio Attorney General Cordray, "unknown superiors of Montgomery County[,] Ohio State Agents," and the "Petite Jurors." The Complaint thus fails to set forth a plausible, non-conclusory claim against these named defendants. *See Iqbal*, __U.S. at __, 129 S.Ct. at 1949-50; *see also Eidson*, 510 F.3d at

631 ("the complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED;

2. Plaintiff's Petition for Writ of Mandamus (Doc. #4) be DENIED as moot;

3. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

4. The case be terminated on the docket of this Court.


February 24, 2010                    s/Sharon L. Ovington
                                     Sharon L. Ovington
                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).