# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RAYMOND ENGLE, | : | |
| Plaintiff, | : | Case No. 3:10cv00039 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| MARY WISEMAN,<br> *et al.*, | : | |
| | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

On March 31, 2010, a Decision and Entry and an accompanying Judgment in this case were entered against Plaintiff Raymond Engle and in favor of Defendants, dismissing Engle's Complaint with prejudice. (Doc. #s 10, 11). His subsequent appeal was dismissed as meritless by the United States Court of Appeals for the Sixth Circuit. (Doc. #13, 14). On November 28, 2011, the United State Supreme Court denied Engle's motion for leave to proceed in forma pauperis, dismissed his petition for writ of certiorari, and noted, "As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee ... is paid and the petition is submitted in compliance with Rule 33.1...."

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. #16).

The case is presently before this Court upon Engle's Motion for Order Compelling Disclosure or Discovery (Doc. # 17), his Motion for Joinder of Claims (Doc. #18), his Motion to Reopen Case (Doc. #20), and the record as a whole.

Engle seeks to reopen this case under Fed. R. Civ. P. 60(b)(3), and (4). First, however, he faces a tardiness problem.

The United States Court of Appeals has explained Rule 60(b)'s time limits follows:

> Time limitations govern the filing of a Rule 60(b) motion, but the rule states generally that '[t]he motion shall be made within a reasonable time.' We have held that 'reasonable time' under 60(b) means that if a reason to set aside the judgment is known within the time for filing notice of appeal, a motion should be brought under Rule 60(b)(1) during that period. *Barrier v. Beaver,* 712 F.2d 231, 234-35 (6th Cir. 1983). Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment. Fed.R.Civ.P. 60(b); *McDowell v. Dynamics Corp. of America,* 931 F.2d 380, 384 (6th Cir. 1991).

*In re G.A.D., Inc.,* 340 F.3d 331, 334 (6th Cir. 2003) (citing, in part, *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir. 1991)); *see Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905-06 (6th Cir. 2006).

Judgment was entered against Engle on March 31, 2010, well over two years before he filed his presently pending Rule 60(b) Motion to Reopen. As a result, he has failed to file his Motion within a reasonable time as Rule 60(c) requires, and his Motion is untimely. *See In re G.A.D.,* 340 F.3d at 334; *see also Patel*, 445 F.3d at 905-06;

*McDowell* 931 F.2d at 384. Engle presents no explanation of his failure to seek Rule 60(b) relief in this Court for more than two years after Judgment was entered against him.

Even assuming Engle's Motion is timely, it clearly lacks merit. Engle's Motion presents no basis for concluding that the final judgment entered against him is either void or issued as a result of "fraud..., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3), (4). The Judgment is not void because the Court had subject matter jurisdiction over Engle's Complaint under 28 U.S.C. §1331 and because dismissal of his Complaint was warranted under – and authorized by – 28 U.S.C. §1915(e)(2) and the case law previously set forth in this case. *See* Doc. #s 5, 10, 13; *see also Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (explaining: "Rule 60(b)(4) authorizes relief from judgment where a judgment is void for lack of jurisdiction....").

The main grounds Engle now raises in support of his fraud allegations are that the Court dismissed his Complaint sua sponte before permitting discovery to occur, that the Court's dismissal was contrary to his rights under the Due Process Clause of the Fourteenth Amendment to the Constitution, that the Court's dismissal was incorrect, and that he now has a right to amend his Complaint. None of Engle's grounds indicate the existence of fraud by an opposing party first because his grounds fail to implicate any conduct or misconduct by an opposing party and second because service of summons and Engle's Complaint upon the defendants named in the Complaint did not occur; instead, sua sponte dismissal of the Complaint prior to service was warranted under – and authorized by – 28 U.S.C. §1915(e)(2) and the case law set forth in the prior decisions.

3

*See* Doc. #s 5, 10, 13, 16.

To the extent Engle contends that the sua sponte dismissal deprived him of notice and an opportunity to respond in violation of his due process rights, his contention is wholly meritless. The Court provided Engle with notice and opportunity to respond by informing him of his right to file Objections to the Report and Recommendations. (Doc. #5, PageID at 167, n.1 and 176). Engle, moreover, filed Objections to the Report and Recommendations and by doing so actually took advantage of the opportunity to appear and respond to the dismissal recommendation. (Doc. #6). The District Judge considered Engle's Objections and the record de novo before deciding to dismiss the Complaint under 28 U.S.C. §1915(e)(2). *See* Doc. #10. Under these circumstances, no infringement of Engle's rights under the Due Process Clause occurred. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Accordingly, Engle's Motion to Reopen is untimely and lacks merit. Because Engle is not entitled to 60(b) relief from the Judgment previously entered against him, he is not entitled to disclosure or discovery or to an Order joining this case with another case he has filed in this Court (*Raymond Engle v. Terry J. Collins, in his Official Capacity*, 3:09cv00451).

4

**IT IS THEREFORE RECOMMENDED THAT:**

1. Engle's his Motion to Reopen Case (Doc. #20) be DENIED;

2. Engle's Motion for Order Compelling Disclosure or Discovery (Doc. # 17) be DENIED;

3. Engle's Motion for Joinder of Claims (Doc. #18) be DENIED;

4. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

5. The case remain terminated on the docket of this Court.

November 30, 2012

              s/Sharon L. Ovington
              Sharon L. Ovington
              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).